We'll hear argument now in United States v. Williams. Our system is designed to have multiple belt and suspenders for making sure that a defendant, when accepting a guilty plea to criminal charges, is fully informed of the nature of the charges and that the guilty plea is voluntarily made. In most cases, these belt and suspenders work. We have a competent appointed counsel. We have a lengthy guilty plea hearing where the court explains the charges and makes sure that the defendant understands what it is he is charged with and he is pleading guilty to. When those systems fail... Are you contending there was a violation of Rule 11? I didn't see that in your brief. Yes, Your Honor. I believe... Let me see this. I argued that the district court plainly erred under Rule 11 by failing to adequately explain the nature of the firearm offense to Mr. Williams and by accepting his plea in the absence of an adequate factual basis. That begins on page 24 of the opening brief. 924C charge was explained. What is it in Rule 11 that requires explanations about the intent requirements under state law of predicate offenses? State or federal, I'm sorry. Your Honor, the argument here is that that wasn't actually explained. The element that a crime of violence had to have been committed was conclusorily explained as a legal conclusion. The court told Mr. Williams that in order for the government to prove that he had violated 924C, they simply had to show that he had discharged, in this case, the firearm in connection with his offense under Section 111B. So that was a misstatement of the law once you look plainly at precedent. And I understand that here we are again on the categorical approach. It often leads to results that are not intuitive. Did the district court make a misstatement or an incomplete statement? I mean, the way I looked at it, as far as what was said, it's an accurate description of what it takes to violate Section 924C. The court said it had to, I mean, I think that all turns on whether or not Section 111 is a crime of violence. So because when the district court summarized what the government would have to prove, it told Mr. Williams that he would just have to, the government would simply have to prove the discharge in relationship to this crime, to the commission of the crime. Right, that's why I'm wondering about it. Do you think the district court needed to go further? Well, I think that's a misstatement of the law. So, I mean, if we go to the merits of the argument about why this is not a crime of violence, to summarize it as a crime, essentially the district court took the shortcut of saying it was already baked into the explanation of the offense that this was a crime of violence, which is a legal conclusion. And the government has pointed to testimony at the evidentiary hearing that suggests that both Mr. Williams' lawyer said this is a crime of violence, the judge summarized it as a crime of violence, I mean, completed the two. And as I think we all know, figuring out what qualifies as a crime of violence under 924C is not a straightforward inquiry that a criminal defendant without legal training should be expected to intuit. It is, you know, to be perfectly candid with the court, I was in the process of filing, of writing an Anders brief when I went to find a citation to say, obviously, a violation of Section 111B is a crime of violence, and lo and behold, this court passed on that and making a determination of that a few years ago. This argument was out there. And honestly, once I dug into it more, and I've been doing this for a long time, and I've been living with the categorical approach for a long time, and it wasn't an immediate thing when I read the statute that it jumped out at me, but when you start looking at it, it's very clear under existing precedent that it does not require intentional exertion of force the way that Borden requires. So it does not meet Borden's requirement of causing, you know, use of force capable of causing pain or injury against another person. What you say is your best case for the proposition that Rule 11 requires the district court to narrate not simply the elements of the offense to which the defendant is pleading guilty, but also the elements and the mental state ingredients of any predicate offense that affects the offense, affects the penalty for the offense to which he is pleading guilty. Your Honor, I don't have a case off the top of my head. You shouldn't be thinking off the top of your head. Well, the bigger problem here is that everything that we see, I used Rule 11 as this is typically a check. In this case, it did not meet the underlying goal of the Rule 11 proceeding, which is to assure that the defendant was adequately informed of what he was pleading guilty to because it misunderstood the law. I get worried whenever people start talking about not the language of the rule, but the ultimate goal underlying the rule. The rule obviously required advice about 924C. As I said earlier, I don't see any argument that the district judge fell short on giving advice about 924C. How far back up the chain of things that might affect sentencing do you think the rule goes? That's why I'm asking, what would you rely on for the proposition that next the district court has to explain the way 111 works and then explain that the Supreme Court has made particular rulings about the intent requirement and then maybe explain what the Seventh Circuit has said about what the Supreme Court is? You get the idea. I understand, Your Honor. I understand that if 111 satisfied it, I don't think there's anything wrong with what the district court said. But Boosley tells us that a guilty plea based on a collective misunderstanding of the law where the court and the lawyers involved all misunderstand the law is constitutionally invalid. And Boosley was advised by all the lawyers and the judge that mere possession of a firearm supported a 924C conviction. The Supreme Court has said that can't stand. This is analogous to that, that everyone misunderstood the requirements of the statute, how to satisfy this particular element of 924C, and whether or not it was satisfied by commission of the 111 offense. I see I'm into my rebuttal time, so unless the court has other questions, thank you. Certainly. Mr. Timken. May it please the court. Good morning, Your Honors. Eli Timken for the United States. This court should dismiss the appeal as waived or alternatively affirm the judgment. Mr. Williams is interested in framing this as a clean legal question about whether Section 111B, aggravated assault of a federal employee or officer, qualifies as a Section 924C predicate crime of violence. The first problem, though, is that Mr. Williams waived that argument. He waived it several times over. He waived it first by pleading guilty unconditionally, and even beyond that by entering into a plea agreement with an express appeal waiver. At the plea hearing, page 17 of the transcript, he agreed through counsel that the district court had stated the elements correctly. The only basis that he suggests now for why his plea would be invalid, involuntary, or uninformed is that he says the indictment is defective. He says that Section 111B is not a crime of violence. This court's case law explains, though, that a challenge to the theory of the indictment, like the one that he's trying to bring, is one that gets foreclosed when a defendant pleads guilty unconditionally and all the more so when the defendant enters into an express appeal waiver. A defendant can't get around that principle just by saying that the challenge is to whether the plea is knowing involuntary. As this court has explained in cases like Gregorchuk and Vila, that's not a basis to bring a later challenge to the theory of the indictment. Beyond all of that, Mr. Williams waived his argument under ordinary waiver principles. The record shows that he knew about this argument, and he did, in fact, try to withdraw his plea, but he did that on different grounds. Finally, as to waiver, Rule 12 requires a defendant to bring this kind of challenge before trial, and Mr. Williams needed to do that if he wanted to raise the argument, as this court explained in the Wheeler case. Just briefly, as to the merits, if the court reaches that point, Mr. Williams' argument is really two nested arguments. The first is about the plea proceedings, and then within that is the argument about Section 111B. As to the plea proceedings, there was no error. The district court did what it needed to do. Judge Easterbrook, as you were getting at, the district court is not required to go into all of the elements and every potential defense. This court explained that, for example, in the Vila case, according to the Supreme Court, from the Brose case. No court has adopted Mr. Williams' theory as to Section 111B. To qualify as a Section 924C predicate, a crime has to involve the use of force against another, and it has to have a mental state of more than recklessness with respect to the conduct and the act. Force that causes bodily injury necessarily is capable of causing that injury, as this court has explained in cases like Douglas and Love. Section 111B fits within that rubric. 111B is a penalty enhancement for Section 111A, which is forcible assault of a federal officer. 111B requires a mental state greater than recklessness with respect to the criminal act, as this court explained in Jackson. And the mental state requirement under Borden runs only to the bad act. At minimum, any error was not plain as to the plea proceedings or Section 111B. There was no effect on Mr. Williams' substantial rights. There's no reason to think he would have gone to trial, but he knew about this and still decided to plead guilty. And there's no miscarriage of justice to hold the parties to their agreement. He's waived appeal. What's his avenue, if any? Ineffective assistance in 2255? If there's a basis to make that out, that would be available. If counsel didn't notice an issue that's that obvious. Yes, Your Honor. Unless the court has further questions, the government asks the court to dismiss the appeal or affirm. Thank you. Thank you, counsel. Anything further? Just a couple of notes. Gorshgorchuk v. United States counsels that if a defendant wants to argue that his guilty plea was not knowing involuntary because of misinformation he was given, he should not bring that for the first time in a 2255. He should bring it in direct appeal. So here we are. This is a very clear case. If the court agrees with my interpretation of the statute, and again, Borden has made it clear that there must be a conscious object and not the mere recipient of the force, the actual causation of injury. For the examples that I have outlined in the briefing, this statute is absolutely broad enough to have a reckless causation of injury satisfy the elements of the statute. And therefore, Mr. Williams being inaccurately apprised of what it would take to get to convict him of the elements of 924C rendered his guilty plea not knowing involuntary under Boozley. If there are no further questions, we ask that this court vacate his conviction, remand to allow him to withdraw his guilty plea. Thank you, counsel. The case is taken under advisement.